15-1484-cv
*Lewis v. Del. Charter Guarantee & Trust Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           DEBRA ANN LIVINGSTON,
           GERARD E. LYNCH,
                     *Circuit Judges.*

---

KEVIN LEWIS, SUSAN LEWIS,

    *Plaintiffs-Appellants,*        15-1484-cv

    v.

DELAWARE CHARTER GUARANTEE & TRUST CO.
D/B/A PRINCIPAL TRUST CO., DAVID LERNER
ASSOCIATES, INC.,

    *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**     L. TIMOTHY FISHER, Bursor & Fisher, P.A., Walnut Creek, CA.

**FOR DEFENDANT-APPELLEE PRINCIPAL TRUST:**     MICHAEL D. MULVANEY (Lee E. Bains, Jr., Edward M. Holt, Thomas J. Butler, Prim F. Escalona, *on the brief*), Maynard, Cooper & Gale, P.C., Birmingham, AL.

**FOR DEFENDANT-APPELLEE DAVID LERNER ASSOCIATES, INC.:**

KENNETH I. SCHACTER (Dina Kaufman, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-appellants appeal from a May 4, 2015 judgment of the U.S. District Court granting a motion to dismiss by defendants-appellees Delaware Charter Guarantee & Trust Co. ("Principal Trust") and David Lerner Associates, Inc. ("DLA"). Plaintiffs argue that the District Court erred (1) in concluding that neither Principal Trust nor DLA owed them a fiduciary duty; (2) in relying on extrinsic evidence in dismissing plaintiffs' breach-of-contract claim; (3) in concluding that plaintiffs' contract with Principal Trust unambiguously permitted Principal Trust to rely solely on broker-dealer statements in satisfying its obligation to report the fair-market value of plaintiffs' assets, even if those statements did not actually include those assets' fair-market value; (4) in concluding that plaintiffs' claims against Principal Trust for negligence and misrepresentation were coextensive with their breach-of-contract claim; (5) in concluding that plaintiffs' misrepresentation claims failed due to failure to allege reliance or to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure; and (6) in denying plaintiffs leave to amend their complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the grant of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Pacific Inv. Mgmt. Co. LLC v. Mayer Brown LLP*, 603 F.3d 144, 150 (2d Cir. 2010). Upon our independent review of the record and the relevant case law, we affirm the judgment of the District Court, substantially for the reasons stated in its thorough Memorandum and Order of March 31, 2015, with the following qualifications.

With respect to Section 5.5(N) of the Trust Agreement, we need not decide whether the District Court properly construed the contemporaneous but unsigned "Instructions" to be part of the contract under Delaware law, because, as the District Court held, the plain language of Section 5.5(N) unambiguously permits the Trustee to rely on broker-dealer statements to satisfy its obligation to render an annual accounting valuing the assets at fair market value. Contrary to plaintiffs' suggestion, this reading does not render meaningless the requirement that the Trustee provide an annual "accounting, valuing the assets at fair market value, to the Account Holder," because in the absence of broker-dealer statements, the Trustee remains obligated to render the accounting in some other manner.

2

With respect to Section 5.8(L) of the Trust Agreement, we need not interpret the various IRS requirements discussed in the District Court's opinion. Insofar as Section 5.8(L) addresses IRS regulations, it is best read to require the Trustee to furnish only "such information concerning required minimum distribution as is prescribed by the [IRS]." Plaintiffs have not alleged that the Trustee failed to furnish any required information concerning required minimum distributions, and declined the district court's invitation to amend their complaint to amplify their allegations in this regard.

Lastly, because the District Court correctly decided that plaintiffs' fiduciary duty claims must be dismissed as duplicative of their breach of contract claim, *see Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010) ("[W]here a dispute arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach of contract claim. In that specific context, any fiduciary claims arising out of the same facts that underlie the contract obligations would be foreclosed as superfluous."), we find it unnecessary to decide what, if any, fiduciary duty defendants owed to plaintiffs.

We have reviewed all of the arguments raised by plaintiffs-appellants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk